UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE COBBLESTONE LOFTS CONDOMINIUM,

Plaintiff,

-against-

ADMIRAL INDEMNITY COMPANY, GREAT AMERICAN INSURANCE COMPANY and SHANE McMAHON and MARISSA McMAHON, individually and as parents and legal guardians of their Minor Children, AM, BM and CM,

Defendants.

Civil Action No.: 21-5737

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants ADMIRAL INDEMNITY COMPANY ("Admiral") and GREAT AMERICAN INSURANCE COMPANY ("GAIC") (collectively "Defendants") submit this Notice of Removal from the New York State Supreme Court, County of New York, in which the referenced action is pending under Index No. 653189/2021 (the "Action"), to the United States District Court for the Southern District of New York. To support its Notice of Removal, Defendants state as follows upon information and belief:

**Nature of Action**

1. Plaintiff THE COBBLESTONE LOFTS CONDOMINIUM ("Cobblestone") filed a Summons and Complaint on May 14, 2021, in the New York State Supreme Court, New York County, and this Action was assigned Index No. 653189/2021. (**Exhibit A**).

2. This Action is an insurance coverage dispute. In the Complaint, Cobblestone seeks a declaration that Admiral owes a duty to indemnify Cobblestone for the damages arising from an

underlying lawsuit entitled *Shane McMahon and Marissa McMahon, et al., v. The Cobblestone Lofts Condominium, et al.*, New York State Supreme Court Index No. 151136/2014 (the "Underlying Action"), pursuant to the terms of two Commercial General Liability Insurance Policies issued by Admiral to Cobblestone. Cobblestone alleges that the Admiral Policies each have a limit of $1,000,000 per occurrence and $2,000,000 general aggregate. Cobblestone seeks a declaratory judgment declaring that Admiral has a duty to indemnify Cobblestone for all of the claims asserted in the Underlying Action in the event that any recovery is had against Cobblestone by the Plaintiffs in the Underlying Action. In addition to its cause of action for a declaratory judgment, Cobblestone has asserted a cause of action against Admiral for alleged violations of New York General Business Law § 349.

3. Cobblestone alleges that GAIC issued an Umbrella Policy to Cobblestone. Cobblestone asserts a cause of action against GAIC for a declaratory judgment declaring that GAIC owes a duty to indemnify it in the Underlying Action. Cobblestone also asserts a claim against GAIC for alleged violations of New York General Business Law § 349.

4. A copy of the Second Amended Complaint in the Underlying Action is attached to Cobblestone's Complaint in the Instant Action as Exhibit A. In the Second Amended Complaint, the Plaintiffs in the Underlying Action seek various damages against Cobblestone and other Defendants based upon allegations that the Plaintiffs' condominium unit sustained water intrusion and alleged "contamination", resulting in various financial damages and alleged bodily injuries. As set forth in the attached Second Amended Complaint in the Underlying Action, the Plaintiffs in the Underlying Action have asserted claims against Cobblestone seeking damages of "no less than $50,000,000, plus interest."

5. Pursuant to 28 U.S.C. § 1446(a), the only copies of process, pleadings and orders served upon Defendants thus far are the Summons and Complaint in the Action, with an Exhibit, which are attached hereto as **Exhibit A**.

**Timeliness of Removal**

6. Plaintiff claims to have effected service of the Summons and Complaint in the Action upon Admiral by service upon the New York State Department of Financial Services ("DFS") on May 19, 2021. Attached as **Exhibit B** is an acknowledgement of service by the DFS dated May 28, 2021, which states that the Summons and Complaint in the Action were received by the DFS on May 19, 2021 and that copies of the Summons and Complaint were being mailed to Admiral via mailing to Admiral's agent for service, CT Corporation. The Summons and Complaint in the Action were not received by Admiral's agent for service, CT Corporation, via delivery from the DFS, until June 3, 2021. CT Corporation then forwarded the Summons and Complaint to Admiral. Attached hereto as **Exhibit C** is the affidavit of Alexandre C. Halow, an employee of CT Corporation, attesting to the foregoing facts.

7. Plaintiff claims to have effected service of the Summons and Complaint in the Action upon GAIC by service upon the DFS on May 19, 2021. Attached as **Exhibit D** is an acknowledgement of service by the DFS dated May 28, 2021, which states that the Summons and Complaint in the Action were received by the DFS on May 19, 2021, and that copies of the Summons and Complaint were being mailed to GAIC at its address in Cincinnati, Ohio. The Summons and Complaint in the Action were received by GAIC from the DFS on June 7, 2021.

8. Defendants are filing this Notice of Removal within 30 days of their receipt of the summons and Complaint, which was by delivery of the summons and complaint to Admiral's actual agent, CT Corporation, and separately to GAIC, and therefore, the Notice of Removal is

timely under 28 U.S.C. § 1446(b)(1). *Fernandez v. Hale Trailer Brake and Wheel*, 332 F. Supp. 2d 621, 624-625 (S.D.N.Y. 2004); *McCulloch Orthopedic Services, PLLC v. United Healthcare Ins. Co.*, 2015 U.S. Dist. LEXIS 74283 (S.D.N.Y. 2015). The 30 day time period for removal does not run from the date of service of the summons and complaint upon the Department of Financial Services as statutory agent, but instead, runs from the date of the receipt of the summons and complaint by the Defendant or the Defendant's actual agent. *Id.*

**Amount in Controversy**

9. Cobblestone claims that it is entitled to complete indemnity under two Commercial General Liability Policies issued by Admiral to Cobblestone, each with a per occurrence limit of $1,000,000, for all of the damages arising out of the Underlying Action. As set forth in the Complaint in the Underlying Action, the Plaintiffs in the Underlying Action seek damages of $50,000,000 against Cobblestone. Admiral denies that it owes any duty to indemnify Cobblestone for any of the claims in the Underlying Action. Similarly, Cobblestone claims that it is entitled to indemnity under an Umbrella Policy issued by GAIC to Cobblestone, and GAIC denies that it owes any duty to indemnify Cobblestone. Nonetheless, the amount in controversy in the Action exceeds $75,000, exclusive of interest and costs.

**Diversity of Citizenship**

10. Upon information and belief, and as alleged in its Complaint, Cobblestone is a condominium organized pursuant to Article 9-B of the Real Property Law of the State of New York, and is therefore a New York Citizen. The condominium is located at 28 Laight Street, New York, New York.

11. Admiral is an insurer organized under the laws of the State of Delaware, with its principal place of business at 301 Route 17 North, Suite 900, Rutherford, NJ, 07070.

12. Defendant Great American Insurance Company is an insurer organized under the laws of the State of Ohio, with its principal place of business at 301 East 4th Street, 24th Floor, Cincinnati, Ohio, 45202.

13. As set forth in the Complaint in the Underlying Action, Defendants Shane McMahon, Marissa McMahon and their three minor children (the "McMahon Defendants") are residents of the State of New York. However, the McMahon Defendants were named only as "nominal" Defendants in the Action, and therefore, the fact that they are New York domiciliaries does not defeat diversity jurisdiction in this action. *See, Navarro Savings Association v. Lee,* 446 U.S. 458, 461 (1980) ("A Federal Court must disregard nominal or formal parties and rest jurisdiction only upon the real parties to the controversy.); *N.Y. State Ins. Fund v. U.S. Liability Ins. Co.,* 2004 U.S. Dist. LEXIS 3124 (S.D.N.Y. 2004); *Lewis Morris Associates v. Admiral Ins. Co.*, 2004 U.S. Dist. LEXIS 8348 (S.D.N.Y. 2004); *Bruscani v. Cent. Mut. Ins. Co.,* 2017 U.S. Dist. LEXIS 169964 (S.D.N.Y. 2017).

14. Here, the McMahon Defendants are not alleged to be, and are not in fact, Named Insureds or Additional Insureds under the insurance policies at issue in the Action. The McMahon Defendants are the Plaintiffs in the Underlying Action and were named as Defendants in the Action only as nominal parties. (Complaint, ¶ 5). The McMahon Defendants are strangers to the insurance policies at issue as they are not insureds or additional insureds. The McMahon Defendants would only potentially be able to bring a direct action against Admiral or GAIC under New York's direct action statute, Insurance Law § 3420(a)(2), if and when they obtain a judgment against Cobblestone in the Underlying Action which then remained unpaid for 30 days. Parties such as the McMahon Defendants are considered nominal parties only, and as such, their state of domicile cannot defeat diversity jurisdiction. *Bruscani, supra.*

15. Accordingly, pursuant to 28 U.S.C. § 1332(a)(1), there is complete diversity of citizenship by and between the real parties to the controversy.

**Plea for Removal**

16. Thus, because the amount in controversy in this Action exceeds $75,000.00, and diversity of citizenship exists between the real parties in interest, this Court has subject matter jurisdiction over this Action and removal to this Court is proper pursuant to 28 U.S.C. §§ 1332(a)(2) and 1441(b).

17. The requirement that all defendants unanimously consent to removal has also been met. Both Admiral and GAIC are joining in the instant Notice of Removal and have signed the Notice of Removal by Counsel, below. Therefore, both Admiral and GAIC have consented to the removal of the action in writing. As set forth above, the remaining defendants-the McMahon Defendants-are nominal parties only, and therefore their consent to removal of the action is not required. *See Zerafa v. Montefiore Hospital Housing Co.*, 403 F. Supp. 2d 320, 328 (S.D.N.Y. 2005). As an additional exception to the unanimity rule, no affidavits of service showing service of the summons and complaint upon the McMahon Defendants have been filed in the Action, and as such, it appears that the McMahon Defendants have not yet been served.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) as this is the District Court of the United States for the District embracing the place where the State Court Action is pending.

19. Written notice is being given to Plaintiff and the Clerk of the New York State Supreme Court, New York County, that this Notice of Removal is being filed with this Court.

**WHEREFORE**, Defendants Admiral and GAIC respectfully request that the Action be removed to this Court for all further proceedings.

Dated: White Plains, New York
July 2, 2021

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By: /s/ *Michael P. Kandler* (MPK8683)
MICHAEL P. KANDLER, ESQ.
***Attorneys for Defendant***
***Admiral Indemnity Company***
50 Main Street, Suite 425
White Plains, New York 10606
914.798.5400
mkandler@goldbergsegalla.com
***Mail: PO Box 1020, Buffalo, New York 14201***

**ROBINSON & COLE LLP**

By: /s/ J. Gregory Lahr
J. Gregory Lahr
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Facsimile: (212) 451-2999
glahr@rc.com

*Attorneys for Defendant*
*Great American Insurance Company*

To: Robert M. Sullivan, Esq.
Sullivan & Klein, LLP
***Attorneys for Plaintiff***
260 Madison Avenue, 8th Floor
New York, New York 10016
212.695.0910
rsullivan@sullivankleinlaw.com